# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADRON BEAL, | CV F   04 5399 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  1.) |
| M.Y. SPARKMAN, LT., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Thadron Beal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action March 9, 2004, alleging that Defendant Sparkman retaliated against him for assisting inmates to file administrative grievances by issuing a Rules Violation Report charging him with assault on an inmate.  Plaintiff was found not guilty of the Rules Violation Report.  Plaintiff also alleges that Defendant Sparkman violated two California Codes of Regulations pertaining to the administrative appeals process and employee conduct. Plaintiff seeks monetary damages.

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ALLEGATIONS IN COMPLAINT**

   *1. Retaliation*

Plaintiff alleges that Defendant Sparkman issued a Rules Violation Report charging Plaintiff with assault on a fellow inmate in retaliation for Plaintiff's assisting other inmates with filing administrative grievances.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  A retaliation claim under Section 1983 must allege that the plaintiff was retaliated against for exercising his constitutional rights and that the retaliation was a substantial or motivating factor for the defendant's action. Id. at 287.  A prisoner suing prison officials must also establish that the retaliatory action did not advance legitimate penological goals such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

In this case, Plaintiff's allegation that he was issued a Rules Violation Report in retaliation for his assisting other inmates with their appeals sufficiently states a claim for relief

under Section 1983.

### 2. *Violations of California Code of Regulations*

Plaintiff alleges in Count II that Defendant Sparkman violated the California Code of Regulations concerning employee conduct (15 California Code of Regulations § 3391) and inmate appeals (15 California Code of Regulations § 3084.1). Plaintiff provides nothing more, however, than a citation to the California Regulations.

Plaintiff fails to demonstrate a violation of a constitutionally protected liberty interest. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (constitutionally protected liberty interest limited to freedom from restraint which imposes atypical and significant hardship.) California regulations do not create a liberty interest in administrative appeals entitled to protection under the Due process clause and Section 1982 does not impose liability for violations of state law. Accordingly, Plaintiff's allegations of violations of the California Code of Regulations do not state a cognizable claim for relief under Section 1983.

### C.  CONCLUSION AND ORDER

The Court finds Plaintiff's Complaint states a cognizable retaliation claim against Defendant Sparkman. However, the Complaint does not contain any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendant. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

complaint form;

2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   June 24, 2005**        /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES MAGISTRATE JUDGE