# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADRON BEAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M.Y. SPARKMAN, LT.,<br><br>　　　　　Defendants.<br>_____/ | CV F   04 5399 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FROM ACTION (Doc. 1.) |

　　Thadron Beal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　Plaintiff filed the instant action March 9, 2004, alleging that Defendant Sparkman retaliated against him for assisting inmates to file administrative grievances by issuing a Rules Violation Report charging him with assault on an inmate.  Plaintiff was found not guilty of the Rules Violation Report.  Plaintiff also alleges that Defendant Sparkman violated two California Codes of Regulations pertaining to the administrative appeals process and employee conduct.  Plaintiff seeks monetary damages.

1

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ALLEGATIONS IN COMPLAINT**

*1. Retaliation*

Plaintiff alleges that Defendant Sparkman issued a Rules Violation Report charging Plaintiff with assault on a fellow inmate in retaliation for Plaintiff's assisting other inmates with filing administrative grievances.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). A retaliation claim under Section 1983 must allege that the plaintiff was retaliated against for exercising his constitutional rights and that the retaliation was a substantial or motivating factor for the defendant's action. Id.

at 287. A prisoner suing prison officials must also establish that the retaliatory action did not advance legitimate penological goals such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

In this case, Plaintiff's allegation that he was issued a Rules Violation Report in retaliation for his assisting other inmates with their appeals sufficiently states a claim for relief under Section 1983.

### *2. Violations of California Code of Regulations*

Plaintiff alleges in Count II that Defendant Sparkman violated the California Code of Regulations concerning employee conduct (15 California Code of Regulations § 3391) and inmate appeals (15 California Code of Regulations § 3084.1). Plaintiff provides nothing more, however, than a citation to the California Regulations.

Plaintiff fails to demonstrate a violation of a constitutionally protected liberty interest. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (constitutionally protected liberty interest limited to freedom from restraint which imposes atypical and significant hardship.) California regulations do not create a liberty interest in administrative appeals entitled to protection under the Due process clause and Section 1982 does not impose liability for violations of state law. Accordingly, Plaintiff's allegations of violations of the California Code of Regulations do not state a cognizable claim for relief under Section 1983.

**C. CONCLUSION AND RECOMMENDATION**

The Court HEREBY RECOMMENDS that Plaintiff's claims concerning the California Code of Regulation violations be dismissed and the action proceed on Plaintiff's retaliation claim against Defendant Sparkman.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served
2  and filed within TEN (10) court days (plus three days if served by mail) after service of the
3  Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
4  § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time
5  may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153
6  (9th Cir. 1991).

8  IT IS SO ORDERED.

9  **Dated:   August 2, 2005**          /s/ Lawrence J. O'Neill
   b9ed48                        UNITED STATES MAGISTRATE JUDGE