# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADRON BEAL,<br><br>   Plaintiff,<br><br> v.<br><br>M.Y. SPARKMAN, LT.,<br><br>   Defendants.<br>_____/ | CV F   04 5399 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS (Doc. 26.) |

Thadron Beal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action March 9, 2004, naming M.Y. Sparkman as Defendant.

On December 8, 2005, Defendant moved to dismiss the action on the grounds that Plaintiff did not exhaust his administrative remedies.  Plaintiff did not oppose the Motion.

**B.  SUMMARY OF COMPLAINT**

The Complaint alleges that Defendant Sparkman issued a Rules Violation Report charging Plaintiff with assault on a fellow inmate in retaliation for Plaintiff's assisting other inmates with filing administrative grievances.  Plaintiff is seeking monetary damages.

**C.  EXHAUSTION**

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

1

1  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a)
2  exhaustion requirement applies to all prisoner suits relating to prison life.  <u>Porter v. Nussle</u>, 534
3  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of
4  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
5  administrative process can provide some sort of relief on the complaint stated.  <u>Booth v. Churner</u>,
6  532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need
7  not meet federal standards, nor must they be 'plain, speedy, and effective." ' <u>Porter</u>, 534 U.S. at
8  524 (*citing* <u>Booth</u>, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  <u>McKinney</u>
9  <u>v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is
10 pending. <u>McKinney</u>, 311 F.3d at 1199-1201.

11      The California Department of Corrections has an administrative grievance system for
12 prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, <u>et</u> <u>seq</u>.  "Any inmate or parolee under the
13 department's jurisdiction may appeal any departmental decision, action, condition, or policy
14 which they can reasonably demonstrate as having an adverse effect upon their welfare."  <u>Id</u>. at
15 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,
16 second formal level, and third formal level, also known as the "Director's Level."  Cal. Code
17 Regs. tit 15, § 3084.5 (2004).

18      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
19 defense under which defendants have the burden of raising and proving the absence of
20 exhaustion.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  In order to meet this
21 burden, Defendants must show that further administrative remedies are available to Plaintiff.
22 <u>Brown v. Valoff</u>, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).  The Ninth
23 Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been
24 rejected as untimely and he could "go no further in the prison's administrative system; no
25 remedies remained available to him." <u>Ngo v. Woodford</u>, 403 F.3d 620, 625 (9th Cir.2005).

26      The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is
27 subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  <u>Wyatt</u>,
28 315 F.3d at 1119 (*citing* <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365,

1   368 (9th Cir. 1998) (*per curiam*)).  In deciding a motion to dismiss for failure to exhaust
2   administrative remedies, the court may look beyond the pleadings and decide disputed issues of
3   fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust
4   administrative remedies, the proper remedy is dismissal without prejudice.  Id.   The Ninth
5   Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire
6   action when a Section 1983 complaint contains both exhausted and unexhausted claims.  Lira v.
7   Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

8          In this case, Defendants have provided evidence that Plaintiff did not file an
9   administrative grievance with respect to his retaliation claim at any level within the institution.
10  As noted by Defendants, on May 12, 2003, (Log No. 03-1219) Plaintiff appealed the disciplinary
11  rules violation on the basis that the confidential information used against him was unreliable.
12  The informal and formal (first) levels were bypassed.  (Exh. B, Motion.)   The appeal at the
13  Second level was partially granted in that a rehearing of the disciplinary violation would occur
14  and to the extent possible, as much of the confidential information used against him would be
15  revealed. (Exh. C, Motion.)  Following a rehearing on the rules violation report, the committee
16  found that the videotape did not support the charges against Plaintiff and they were dismissed.
17  (Exh. D, Motion.)   These inmate appeals, however, do not concern the alleged retaliation by
18  Defendant Sparkman and thus, do not suffice to exhaust the administrative remedy process.

19         Defendant's also provide the Declaration of N. Grannis, Chief, Inmate Appeals Branch,
20  who indicates that there is no evidence Plaintiff ever filed an appeal at the Director's level
21  concerning the alleged retaliation by Plaintiff.  (Exh. F, Motion.)

22         Finally, as noted by Defendant, Plaintiff concedes in his Complaint that at the time he
23  initiated this action, the exhaustion process was not completed. (Complaint at 2.)   The
24  Complaint references attachments showing that on October 29, 2003, Plaintiff completed an
25  inmate appeal concerning Defendant Sparkman's conduct, however, the appeal was not assigned
26  a log number because of Plaintiff's noncompliance with inmate appeal procedures. (Court Doc.
27  2, Exhs. 2, 3.)   The Court notes, however, that the appeal does not allege that Defendant
28  Sparkman retaliated against Plaintiff for exercise of right to help other inmates file grievances.

1  Thus, even had the appeal been successfully filed, it did not concern the allegations made in this
2  action.
3       Moreover, Plaintiff concedes in his Complaint that he did not exhaust his administrative
4  remedies prior to the filing of this action.  As noted above, exhaustion must occur *prior* to filing
5  suit and may not occur while the suit is pending.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201
6  (9th Cir.2002).  As such, dismissal of the action is warranted.
7  **D.  RECOMMENDATION**
8       Accordingly, the Court RECOMMENDS that the Motion to Dismiss the action on the
9  grounds Plaintiff failed to exhaust his administrative remedies be GRANTED and the action
10  DISMISSED.
11       The Court HEREBY ORDERS that these Findings and Recommendations be submitted
12  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
13  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
14  District Court, Eastern District of California.  Within THIRTY (30) days after being served with
15  a copy of these Findings and Recommendations, any party may file written Objections with the
16  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
17  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
18  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
19  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
20  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
21  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
22  (9th Cir. 1991).
23  IT IS SO ORDERED.
24  **Dated:   March 21, 2006**            **/s/ Lawrence J. O'Neill**
    b9ed48                          UNITED STATES MAGISTRATE JUDGE
25
26
27
28

4